NO. 07-01-0118-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 17, 2001

______________________________

LARUE CHRISTIAN,

Appellant

v.

GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

MANUEL MENDOZA, JR., CAROLYN SCOGGINS, NORMA J. SOUTHERN,

AND MISTY D. MATHIAS,  

Appellees

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 87,714-D; HON. DON EMERSON, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Larue Christian appeals from an order dismissing his suit.  The trial court signed said order on November 30, 2000.  Approximately 70 days lapsed before Christian filed, on February 8, 2001, his motion to reinstate the cause.  
Tex. R. Civ. P
. 329b (a) 
(stating that one must file a motion for new trial or like prayer within 30 days of the date the final order was signed).
  Furthermore, his notice of appeal was not filed until March 19, 2001. 
  
Tex. R. App. Proc
.
 26.1 (stating that one must file a notice of appeal within thirty days of the date the final order is signed, unless that deadline has been extended by motion or rule of procedure).  Given this chronology, we conclude that Christian’s attempt to appeal was untimely in that his notice of appeal was filed long after expiration of the applicable deadline and the deadline was not extended by motion or rule of procedure.  

It appearing that jurisdiction was absent, the court also sent Christian a letter, dated April 2, 2001, instructing him to show cause why the case should not be dismissed for want of jurisdiction.  He responded to that letter.  However, none of the arguments stated therein justify retention of the case.  Simply put, the deadlines for perfecting appeal lapsed without Christian either complying with them or seeking their modification.  That he personally thought his conduct diligent matters not.  Nor is the fact that he represents himself of import, for those acting 
pro se
 are nonetheless bound by the rules of procedure.  
See Caldwell v. State
, 918 S.W.2d 9, 10 (Tex.App.–Amarillo 1996, no writ) (holding that 
pro se
 litigants are also bound to know and abide by the rules of appellate procedure). 

Consequently, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.